Filed 6/22/26  Schwartz v. List-Peiser CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| ARI SCHWARTZ,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MELISSA M. LIST-PEISER,<br><br>    Defendant and Appellant. | G065227<br><br>(Super. Ct. No. 24V000384)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Michael E. Perez, Judge. Dismissed.

Melissa M. List-Peiser, in pro. per., for Defendant and Appellant.

Ari Schwartz, in pro. per., for Plaintiff and Respondent.

Defendant Melissa M. List-Peiser appeals from an April 2024 order issuing a domestic violence restraining order against her. Because she did not file a notice of appeal until 10 months later, we dismiss her appeal as untimely.

FACTS

The trial court entered a domestic violence restraining order (DVRO) on April 3, 2024, protecting plaintiff Ari Schwartz from List-Peiser. (See Fam. Code, § 6200 et seq.)

List-Peiser filed a request for order (RFO) in November 2024, checking boxes to "change" the "domestic violence order." She checked the box stating, "I request the court make the following changes to the restraining orders," and typed in one word: "Reconsideration." In an attachment, she wrote: "A) I have not been 'stalking him for the past nine years,' and I did not message him 'twice a month since 2011.' I have not seen him or messaged him for twelve years. [¶] B) I did not call his parents repetitively, and only called him because he offered to try and remove the restraining order from 2011 from my record with a 'statement.' [¶] C) He used me calling him after he offered to 'contact him anytime' against me in his testimony for this case. [¶] D) I have not threatened or harassed him. Nor did I threaten his ex-girlfriend in the past. He used the last part of a sentence I had sent him in evidence, not the entire statement. He violated the states order in 2011 to protect me, by obtaining his own. [¶] I am asking for a reconsideration. There is new evidence I am providing showing he has filed on the criminal case the same years, even the same day (Feb 8th 2024), that he filed on the criminal case as well."

At a hearing on December 23, 2024, the trial court construed List-Peiser's RFO as a motion for reconsideration and denied it. The court

2

explained: "So Ms. List-Peiser, I've read through this request. My tentative is to deny it, but I'll give you a chance to be heard. Why should I end this order now? And more pointedly, you indicate things in this request for order. Tell me, had you told me about that on April the 3rd? And if you didn't, why not? I'll let you be heard."

List-Peiser stated to the court: "This was in 2006. [Schwartz] was selling drugs. He had me go with him to sell the drugs. He was using heroin. He almost killed me. He almost killed himself." The following exchange occurred:

"[Judge]: Had you told me all this on April 3rd?

"[List-Peiser]: No.

"[Judge]: Why not?

"[List-Peiser]: I didn't want to talk about it.

"[Judge]: Well, I can't rule on things that you don't tell me about.

"[List-Peiser]: True.

"[Judge]: I'm not faulting you for that. I get there's probably emotional safe guards that you may have up for whatever reasons and I get that, but I can't guess what the evidence is. I can only hear people's testimony and consider the evidence. [¶] Anything else you want me to know, Ms. List-Peiser?

"[List-Peiser]: Yeah. He lied several times on the restraining order itself. He said that I stalked him for nine years. That did not occur. He said that I --

"[Judge]: Hold on. Hold on.

"[List-Peiser]: Sure.

"[Judge]: So you had a chance to tell me if that was a lie on April 3rd. Did you?

3

"[List-Peiser]: No.

"[Judge]: Why not?

"[List-Peiser]: I think I was just scared coming to court saying anything." (Some capitalization omitted.)

Schwartz later asked if the court had any questions and the judge responded: "I don't have any specific questions for you. I live in an imperfect world. We all do. And I have to do my job in an imperfect world. And part of that imperfection is I don't know what happened in all the cases that come before me because I wasn't there. All I can do is listen to the evidence and testimony and consider the evidence and make orders based upon that. I have to follow all the procedural rules. Parties come before a Court and they have an opportunity to share with the Court the evidence they have for the Court to make the best decision it can. [¶] In this motion for reconsideration, I still can't confidently 100 percent say what happened, but I'm not finding sufficient evidence to go back and change the orders that the Court made on April 3rd. I'm not finding sufficient legal cause to do so. I'm not finding there's sufficient cause for Ms. List-Peiser to not have told the Court all the things that she wants me to consider now. [¶] So Ms. List-Peiser, I'm denying your request for the Court to end this restraining order."

List-Peiser filed a notice of appeal in February 2025. We issued an order "considering dismissal of this appeal." List-Peiser filed a brief clarifying she is challenging "[t]he judgment or appealable order . . . entered on December 23, 2024." We issued another order, stating "[t]he letter brief indicates appellant is challenging the trial court's order of December 23, 2024. Having reviewed this document, the court orders . . . preparation of the record to resume. Nothing in this order prevents respondent from raising any jurisdiction issues in his briefing."

4

DISCUSSION

We agree with Schwartz, who contends in his respondent's brief that this is an improper appeal from a reconsideration motion. He states: "Appellant is challenging the trial court's denial of her request for reconsideration filed on November 15, 2024, which was denied by minute order on December 23, 2024. . . . The Court of Appeal dissolved the original stay . . . , allowing the preparation of the record to resume, but not[ed] the Respondent may raise jurisdiction issues in his briefing."[1]

To be sure, parties may move to modify a DVRO and the ensuing order may be separately appealable. (Fam. Code, § 6345, subd. (a); Code Civ. Proc., § 904.1, subd. (a)(6);[2] *Lister v. Bowen* (2013) 215 Cal.App.4th 319, 329–331 [order shortening restraining order appealable].)

But an order denying reconsideration of a DVRO is not separately appealable. (§ 1008, subd. (g); *Global Protein Products, Inc. v. Le* (2019) 42 Cal.App.5th 352, 364 [2011 amendment provided "orders denying motions for reconsideration under section 1008, subdivision (a) are not separately appealable"].)

Here, the trial court correctly found the November 2024 RFO was a motion for reconsideration. List-Peiser explicitly requested "reconsideration" twice—first, when she typed "Reconsideration" as her only requested change then again when she typed out: "I am asking for a reconsideration." The trial court patiently walked List-Peiser through her

---

[1] Schwartz asserts this appeal is moot because the trial court "granted a permanent renewal of the DVRO on October 28th, 2025." He attached one page from his renewal request to his brief but did not provide the renewal order. We do not reach the merits of the assertion.

[2] All undesignated statutory references are to this code.

testimony and confirmed that her concerns predated the court's April 2024 DVRO. The court asked, "Had you told me all this on April 3rd?" and later reiterated, "So you had a chance to tell me if that was a lie on April 3rd. Did you?" After List-Peiser straightforwardly responded "No" both times, the court ultimately explained: "I'm not finding sufficient evidence to go back and change the orders that the Court made on April 3rd. . . . I'm not finding there's sufficient cause for Ms. List-Peiser to not have told the Court all the things that she wants me to consider now."

At best, the November 2024 reconsideration motion extended the deadline to appeal from the April 3, 2024 DVRO by 180 days, to September 30, 2024. (Cal. Rules of Court, rule 8.108(e)(3).)[3] But the appeal was not filed until February 18, 2025—at least 141 days too late.[4]

---

[3] Only a "valid" reconsideration motion can extend a deadline to appeal. (Cal. Rules of Court, rule 8.108(e); see advisory committee comment ["the word 'valid' means . . . that the motion . . . complies with all procedural requirements"].) Because List-Peiser filed her November 2024 RFO after the 10-day deadline and did not raise "new or different facts, circumstances, or law" (§ 1008, subd. (a)), it is not clear her reconsideration request was valid.

[4] List-Peiser did not include the signed April 2024 DVRO in the record. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609 [burden to overcome general presumption of correctness includes burden to provide adequate record].) But she did provide the April 3, 2024 minute order, which confirms the DVRO was "signed and filed this date." There is no dispute the DVRO was issued that day.

## DISPOSITION

The appeal is dismissed. Respondent shall recover his costs on appeal.


SCOTT, J.

WE CONCUR:


MOORE, ACTING P. J.


DELANEY, J.